**Appeal of JOHN G. BARBAS.**               **Docket No. 848.**

In the absence of evidence as to inventory value on March 1, 1913, or whether the cost of goods was paid and deducted as an expense prior to the change, a taxpayer changing from a cash receipts and disbursements basis to an accrual basis will take up in income in the year for which such change is made the inventory as of the beginning of the year.

Submitted January 22, 1925; decided February 13, 1925.

*William J. Murray, C. P. A.*, for the taxpayer.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LITTLETON, and SMITH

This appeal is from a deficiency in tax for the year 1920.

### FINDINGS OF FACT.

For the year 1920, and for a number of years prior thereto, the taxpayer was a partner in the Home Candy Works, a copartnership, of Detroit, Mich. The copartnership commenced business about 1906. The books of account to the end of 1919 were on a cash receipts and disbursements basis. Books were opened on an accrual basis beginning January 1, 1920. Prior to 1920 no inventories had been used in computing net income.

The books of account for 1920 showed as follows:

| | |
|---|---:|
| Gross sales | $234, 373. 81 |
| Income from rent | 5, 008. 34 |
| Discounts earned | 804. 20 |
| Miscellaneous earnings | 1, 486. 65 |
| Total income | 241, 673. 00 |
| Inventory Jan. 1 | 24, 920. 99 |
| Purchases | 146, 118. 86 |
| Total available | 171, 039. 85 |
| Inventory Dec. 31 | 21, 802. 25 |
| Cost of goods sold | 149, 237. 60 |
| Gross profit | 92, 435. 40 |
| Expenses | 105, 261. 18 |
| Net loss | 12, 825. 78 |

In his audit of the partnership books of account for 1920, the revenue agent changed the net loss of $12,825.28 into a profit of $20,984.02 by adding to the income for the year the following:

| | |
|---|---:|
| (a) Partners' 1919 salary charged in 1920 | $4, 800. 00 |
| (b) Excessive depreciation | 2, 555. 92 |
| (c) Supplies, inventory Jan. 1 | 1, 532. 89 |
| (d) Merchandise, inventory Jan. 1 | 24, 920. 99 |
| Total additions | 33, 809. 80 |

No question is raised in this appeal relative to the additions to the partnership income of items (a) and (b). The taxpayer protests, however, the addition of items (c) and (d).

### DECISION.

The determination by the Commissioner of a deficiency in tax in the sum of $1,509.80 for the year 1920, is approved.

### OPINION.

GRAUPNER: The examining revenue agent in this appeal has added to income the sums of $1,532.89 and $24,920.99, being respectively the amounts of supplies and merchandise inventory as of January 1, 1920, as of which date the taxpayer changed from a cash receipts and disbursements basis to an accrual basis.

Section 212(a) of the Revenue Act of 1918, provides that the return of the taxpayer shall be made in accordance with the method of accounting regularly employed by him in keeping his books of account, but "if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income."

The taxpayer was a member of a partnership, owning a one-half interest therein, and for the year 1920, made his income tax return on the basis then adopted for the keeping of the books of account of the partnership, such basis being an accrual basis. In the year 1919, the accounts of the partnership were kept upon a cash receipts and disbursements basis. The books of account of the partnership for the year 1920, showed a net loss. The Commissioner, by adopting the report of the examining revenue agent, has converted such net loss into a gain of $20,984.02, resulting in part from the inventory adjustment above mentioned, and in part from other items not now in dispute.

In arriving at the net loss of $12,825.28, originally computed by the taxpayer, he computed the cost of sales as follows:

| | |
|---|---:|
| Mdse. inventory Jan. 1 | $24,920.99 |
| Purchases | 146,118.86 |
| Total | 171,039.85 |
| Mdse. inventory Dec. 31 | 21,802.25 |
| Cost of sales | 149,237.60 |

This is, of course, the correct method of computing the cost of sales upon the accrual basis.

But for the years prior to 1920, the taxpayer reported income upon a cash receipts and disbursements basis. In other words, cost of sales was arrived at by a simple total of the cash paid for merchandise during the year. In transferring from a receipts and disbursements basis to an accrual basis, therefore, in the first year after such change, if cost of goods is computed in the usual way adopted under the accrual method, there will be included in the cost through the use of the inventory at the beginning of the year, goods which were paid for in the previous period and which, entered into the cost of goods for that period, resulted in a double deduction from income on the part of the taxpayer. This, of course, does not properly reflect the income of the taxpayer over the two-year period. The Commissioner has solved this problem by adding to income the taxpayer's inventory at the beginning of the year, in effect computing the cost of sales on the basis of purchases made during the year, less inventory at the end.

The taxpayer has introduced no evidence to show that any portion of the amount he claims as inventory at the beginning of the year was actually not paid for, and therefore not included in cost of goods in prior years and deducted from prior returns; nor has he introduced any evidence as to the value of inventory as of March 1, 1913. In the absence of such evidence, the Board can not presume that the taxpayer's inventory had any value as of March 1, 1913, nor can it presume that any portion of the inventory as of January 1, 1920, was

not paid for at that time. Such evidence, if it existed, was in the possession of the taxpayer, and his failure to introduce it must necessarily be construed to mean that the goods in the inventory were all paid for in prior years and that the partnership was without inventory on March 1, 1913.

Under these circumstances we can not determine that the Commissioner has erred in the action he has taken. A simple illustration will suffice to show the soundness, in general, of his position.

If the taxpayer had started business on January 1, 1919, without inventory, had purchased $100,000 of merchandise, had sold one-half of such merchandise for $100,000, carrying one-half of it, he would have reported on the cash receipts and disbursements basis he was using, gross sales of $100,000, less the cost of goods, $100,000, resulting in no net income. If, then, for the year 1920 he had sold the one-half of such merchandise for $100,000, carrying one-half of it, he would have reported on the cash receipts and disbursements basis, gross sales of $100,000 and net sales of $100,000. He now seeks, however, because he has changed his basis of accounting, to deduct, in arriving at his net sales, the inventory which he carried forward at the beginning of the year and worth, in our illustration, $50,000. If he is allowed to do so, his net sales for 1920 will be $50,000, although in the illustration given the net sales are obviously $100,000.

Upon the record now before the Board, the determination of the Commissioner must be approved.

On consideration by the Board, SMITH dissents.