## ALAMEDA STEAM LAUNDRY ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2938.    Decided September 27, 1926.

*D. A. Sargent, C. P. A.,* for the petitioner.
*George E. Adams, Esq.,* for the respondent.

LANSDON: The Commissioner asserts a deficiency in income and profits taxes for the year 1921 in the amount of $338.14. The controversy arises from the action of the Commissioner in adding certain inventory and expense amounts to the income of the petitioner for the taxable year.

### FINDINGS OF FACT.

The petitioner is a California corporation engaged in the laundry business at Alameda. Prior to the taxable year its accounts were kept and income and profits-tax returns were made on the cash

receipts and disbursements basis. In the taxable year it changed to the accrual basis, and kept its accounts and made its income and profits-tax return for that year on such basis.

Prior to January 1, 1921, the petitioner acquired certain shop supplies and insurance policies, paying cash therefor, which it charged to operating expense. Upon opening its books on the accrual basis in 1921, the inventory of stock supplies on hand, and the cost of unexpired insurance were taken into surplus, but not included in gross income for that year. Upon audit of the petitioner's income and profits-tax return for the taxable year, the Commissioner added to gross income the amount of the inventory of shop supplies, $761.84, and the cost of the unexpired insurance in the total amount of $375.81, to income, and on March 9, 1925, mailed the notice of deficiency, which is the basis of this proceeding. On the authority of the Board's decisions in *Appeal of John G. Barbas*, 1 B. T. A. 589, and *Appeal of Gardner Printing Co.*, 4 B. T. A. 37—

*Judgment for the Commissioner.*

Smith, dissenting: The petitioner made its income-tax return for 1921 on the basis of its books of account kept upon the accrual basis. In prior years it made its returns upon a cash basis. There is no suggestion in this case that the income account of the petitioner's books for 1921 did not accurately reflect income. Section 212(d), Revenue Act of 1918. The Commissioner has assumed, however, that, inasmuch as the petitioner made its returns for prior years upon a cash basis, it got the benefit of some deduction in prior years which it would not have gotten if it had made returns upon an accrual basis. He has, therefore, added to the petitioner's correct net income for the year 1921 the amount of certain payments made in prior years for merchandise. I see no basis in the taxing statute for such a distortion of the 1921 income. By a parity of reasoning the Commissioner should allow the petitioner to deduct from gross income of 1921 accounts payable set up when the books of account were placed upon an accrual basis as of January 1, 1921.