NILES BEMENT POND COMPANY *v.* UNITED STATES.

No. 314.   Argued March 7, 12, 1930.—Decided April 14, 1930.

Mr. *Karl D. Loos,* with whom *Messrs. E. Barrett Prettyman* and *Preston B. Kavanagh* were on the brief, for petitioner.

Mr. *Claude R. Branch,* Special Assistant to the Attorney General, with whom *Attorney General Mitchell, Assistant Attorney General Youngquist, Messrs. Sewall Key* and *Barham R. Gary,* Special Assistants to the Attorney General, *Ralph C. Williamson, Clarence M. Charest,* General Counsel, and *Ottamar Hamele,* Special Attorney, Bureau of Internal Revenue, were on the brief, for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

This case is here on certiorari, 280 U. S. 543, to review a judgment of the Court of Claims denying recovery of a part of petitioner's income and excess profits taxes for the year 1918, alleged to have been illegally exacted. 67 Ct. Cls. 693. Petitioner is a New Jersey corporation having an office and principal place of business in New York. It maintains a London branch, through which it paid the British government in 1918 income tax for the fiscal year April 6, 1917 to April 5, 1918, upon income received from sources in Great Britain in 1916 and earlier years, and based on a tax return made prior to 1918. Similarly, it paid in 1918 a tax for the year ending December 31, 1916, upon income and excess profits from sources within Great Britain. In making its tax return for the year 1918 petitioner deducted these payments from gross income. The Commissioner of Internal Revenue refused to allow the deductions, and collected a correspondingly increased tax, which is the subject of the present suit.

The applicable provision of § 238 of the Revenue Law of 1918, c. 18, 40 Stat. 1057, authorizes the deduction from the gross income of corporations, income and excess profits taxes " paid " to foreign countries during the taxa-

ble year. But § 200 defines the term " paid " in § 238 as " paid or accrued " or " paid or incurred," and provides that " paid or accrued " shall be construed according to the method of accounting upon the basis of which the net income is computed under § 212. Section 212 (b) requires that net taxable income shall be computed "in accordance with the method of accounting reguarly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as, in the opinion of the Commissioner does clearly reflect the income."

Section 13 (d) of the Revenue Act of 1916, c. 463, 39 Stat. 756, in force until the Act of 1918 became effective, provided that a corporate taxpayer " keeping accounts upon any basis other than that of actual receipts and disbursements, unless such other basis does not clearly reflect its income, may, subject to regulations made by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury, make its return upon the basis upon which its accounts are kept, in which case the tax shall be computed upon its income as so returned." Treasury Decision 2433 of January 8, 1917, interpreting this section, states: " This ruling contemplates that income and authorized deductions should be computed and accounted for on the same basis," and Income Tax Ruling, January–June, 1921, Cum. Bulletin No. 4, p. 147, provides: " Section 13 (d) of the Revenue Act of 1916 is a qualifying section and when accounts of a corporation are kept on a basis other than that of receipts and disbursements, it qualifies the manner of making deductions authorized in § 12 (a) of the Act, and the word ' paid ' in the latter section is to be read ' paid or accrued,' depending on how the accounts of the corporation are kept."

The Court of Claims found that the books of the petitioner were kept on the accrual basis; that while there were some exceptions of small items of deferred charges and credits and the expenses of the London office which were entered on its books only when paid or received, " the principal and dominant purpose and plan of its accounts were to show income upon an accrual basis as the general and controlling character of the account." It also found that the petitioner's return for 1918 was on the accrual basis, as were its tax returns for 1916, 1917 and 1919.

These findings are conclusive here. *Luckenbach S. S. Co.* v. *United States*, 272 U. S. 533, 538. Under them petitioner's liability for the tax collected must turn on the propriety of deducting the foreign tax payments from income for the year 1918, when paid, in order to arrive at the true income of the taxpayer. Under the 1916 Act where the taxpayer's books are kept and his returns made on the accrual basis, taxes charged on the books as they accrue must be deducted when accrued, if true income is thus reflected. *United States* v. *Anderson*, 269 U. S. 422. Even if not so charged, it was competent for the Commissioner, under the Act of 1916, as well as under the express provisions of § 212 (b) of the Act of 1918, to correct the taxpayer's return by deducting the payments in the year in which they accrued so as to reflect true income by conforming to the dominating or controlling character of the taxpayer's system of accounts. *United States* v. *American Can Co.*, 280 U. S. 412. See *United States* v. *Mitchell*, 271 U. S. 9, 12–13.[1]

---

[1] Treasury Regulations 45 (1920 Ed.) promulgated under the Revenue Act of 1918 contained the following:

"ART. 23. *Bases of computation.*—(1) Approved standard methods of accounting will ordinarily be regarded as clearly reflecting income. A method of accounting will not however, be regarded as clearly

The findings do not disclose whether the foreign taxes paid in 1918 had accrued in that or in earlier years, or whether under the petitioner's system of bookkeeping their deduction in some earlier year was necessary in order to ascertain true income. But the presumption is that taxes paid are rightly collected upon assessments correctly made by the Commissioner, and in a suit to recover them the burden rests upon the taxpayer to prove all the facts necessary to establish the illegality of the collection. *United States* v. *Anderson, supra;* see *United States* v. *Rindskopf,* 105 U. S. 418. In the absence of findings determining the fact, it cannot be assumed in petitioner's favor that the British taxes paid in 1918 did not accrue earlier, or that their deduction if made in 1918, would reflect truly the income of the taxpayer whose books and tax·return were on the accrual basis.

Petitioner argues that as its payments of foreign taxes were charged on its books in the year when paid, as were other expenses of the London branch, its return was made on the basis upon which its accounts were kept and that under § 13 (d) its tax should have been computed upon its income as so returned, if that method reflected true income. It is insisted that in the absence of a finding to the contrary, this must be assumed, since the Commissioner made no readjustment of petitioner's account of the London office expenses, except the item of foreign taxes, and as it affirmatively appears in the findings that returns were made and accepted on the same basis as the

reflecting income unless all items of gross income and all deductions are treated with reasonable consistency. See section 200 of the statute for definition of 'paid ', 'paid or accrued', and 'paid or incurred' . . . in any case in which it is necessary to use an inventory, no accounting in regard to purchases and sales will correctly reflect income except an accrual method. See section 213 (a) of the statute."

This regulation has been continued without material change.

1918 return, for the tax years 1919 and 1924. But this argument likewise rests upon the assumption of facts which are without support in the findings; that the other expenses of the London office for 1918 and the foreign tax payments deducted in the 1919 and 1924 returns did not accrue in those years. If that assumption is made, failure of the Commissioner to correct the returns in these respects is as attributable to his error or oversight or lack of information as to any opinion on his part as to the propriety of the deductions in the years made.

*Affirmed.*