AMERICAN ARCH COMPANY AND SUBSIDIARY, AMERICAN ARCH COMPANY, INC., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77269.    Promulgated December 12, 1935.

*George A. Price* and *H. W. Muller*, for the petitioners.
*R. N. McMillan, Esq.*, and *Wilford H. Payne, Esq.*, for the respondent.

OPINION.

SEAWELL: All of the evidence in these proceedings is embodied in a stipulation of facts, which is incorporated herein by reference as our findings of fact.

The American Arch Co., the petitioner herein, was organized in 1917 under the laws of Delaware, and the American Arch Co., Inc.. was organized in 1920. Thereafter the corporations filed consolidated returns each year to and including 1921, in which they reported net income on the accrual basis.

For the fiscal years ended February 28, 1918, and February 28, 1919, the 10-month period ended December 31, 1919, and the calendar years 1920 and 1921, the petitioner claimed depreciation on certain patents owned by it on the basis of a useful life of 19½ years. As a result of a suit brought sometime prior to 1922 involving infringement of the patents, the petitioner determined that the patents had a useful life of only 17 years, and in its income tax return for 1921 it accordingly claimed depreciation on the patents on the basis of a life of 17 years. The return for 1921, showing a tax liability of $239,970.72, was accompanied by amended returns for the four preceding taxable periods, in which depreciation on the patents was recomputed on the basis of a 17-year life. The petitioner requested that the overpayments of tax in the amount of $128,160.21, as disclosed by the amended returns, be applied as a credit against its income tax liability for 1921.

In 1926, prior to any action by the respondent on the petitioner's claim for credit, the petitioner, upon the presentation of a writ of distraint by the collector, paid the remaining portion of $128,160.21 of its 1921 income tax liability, plus interest and penalty in the amount of $26,913.64, a total of $155,073.85. The petitioner, in pursuance of its contention that it should not be required to pay the tax and interest demanded by the collector for 1921, in view of the fact that it expected its claim for overpayment of tax for the years 1917 to 1920, inclusive, would eventually be allowed by the Commissioner, then set up on its books an account receivable under the title "Claim for United States Government Tax Refund" in the amount of $155,073.85. As the result of such entry, the petitioner failed to claim a deduction in its 1926 return for the interest and penalty paid in the amount of $26,913.64.

The income tax liability for the petitioner for 1921 was redetermined by the Board on February 16, 1931, based upon an agreement on the amount of the deficiency. In May 1931 the respondent completed his consideration of the petitioner's claim for credit for the years 1917 to 1920, inclusive, and determined that its taxes were overpaid for those years in the aggregate amount of $121,128.73, and that the petitioner was also entitled to interest thereon in the amount of $74,709.16, a total of $195,837.89, which was paid in 1931.

Upon receipt of the overpayment the petitioner credited $155,-073.85 of the amount to the account previously set up under the title "Claim for United States Government Tax Refund" and reported the amount of $40,127.05 as income for 1931. The respondent treated all of the payment of $74,709.16 as taxable income in 1931 and increased the income reported by petitioner by $34,582.11. This action resulted in the determination of a deficiency of $3,229.64

in income tax for 1931. The petitioner concedes that it understated the amount of taxable interest for 1931 by $7,668.47, thereby reducing the amount of interest in controversy to $26,913.64, a sum equal to the interest and penalty paid in 1926. The taxability of such amount as interest received in 1931 is the only question before us.

Although it is stipulated that the item of $26,913.64 was paid by the petitioner in 1926 as penalty and interest, the amount of each not appearing, in the briefs filed on behalf of the parties the amount is referred to as a payment of interest. Since under our view of the case the point is not material, we will assume that the whole sum constituted interest on unpaid income tax for 1921.

The petitioner is not contesting the right of the Government to impose a tax on interest paid on an income tax refund. Such interest has been held to be taxable. *American Viscose Corporation*, 19 B. T. A. 937; affd., 56 Fed. (2d) 1033; certiorari denied, 287 U. S. 615. It does contend, however, that, on account of the pending claim for overpayment of taxes for prior years, no deficiency in payment of tax for 1921 ever existed, with the result that there was no indebtedness for tax upon which an interest charge could properly be made. It regards the payment of $155,073.85 made under protest in 1926 as an advance or in the nature of collateral pending final action on its credit claim, thus creating a right to offset the amount of interest paid in 1931 on the tax refund by the alleged interest paid in 1926.

The effect of the petitioner's argument is that payment of an unpaid balance of tax liability for a taxable year may be held in suspense, without interest, until final determination of a pending application for credit for an alleged overpayment of taxes for prior years. It cites no authority for such a privilege, and we know of none. The applicable statute provides for the times when the tax, as shown by the return, is due and payable, and liability for interest if the tax is not paid on the specific dates. Sec. 250 (a), Revenue Act of 1921. Section 252 contains authority for the application of excess tax payments for years prior to 1921 against tax due under any other return, when an examination of any return discloses an overpayment of tax, but makes no provision for suspending interest charges on overdue tax during the period a claim for credit is pending. Here there was no acknowledgment of liability for overpaid taxes until 1931, and interest on unpaid tax for 1921 and interest on overpayments of tax for prior years were not accruing at the same time. The petitioner's right to interest on the amount of the refund did not exist before the claim was allowed. Sec. 1324 (a), Revenue Act of 1921.

Deductions from gross income are a matter of legislative grace and may not be taken unless plainly authorized. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435; *Helvering* v. *Inter-Mountain Life Insurance Co.*, 294 U. S. 686. The statute allows as a deduction "All interest paid or accrued within the taxable year on indebtedness." Sec. 23 (b), Revenue Act of 1928. The interest sought to be offset against interest received in 1931, was not " paid or accrued " in the taxable year, but prior thereto. Income taxes are imposed on the basis of annual periods and deductions allowable in the computation of taxable net income in only one period may not be withheld and taken in a subsequent year. *Burnet* v. *Thompson Oil & Gas Co.*, 283 U. S. 301. The failure of petitioner to deduct the interest in its 1926 return does not of itself warrant allowance of the amount in the taxable year. To do so would permit the petitioner to choose the year in which to take the deduction and distort income for that year. Its remedy is a review of its correct taxable liability for 1926. *United States* v. *Ludey*, 274 U. S. 295.

The failure of the Commissioner to observe during the course of his audit of petitioner's 1926 return that no deduction had been taken for the interest and to adjust petitioners' tax liability accordingly does not permit us to sanction an erroneous computation of tax for a later year. *Niles Bement Pond Co.* v. *United States*, 281 U. S. 357. The rule is equally applicable where the error works in favor of the taxpayer. *MacMillan Co.*, 4 B. T. A. 251.

The action of the respondent in not reducing the interest payment in question by $26,913.64, representing the amount of penalty and interest paid by the petitioner in 1926, was not error.

*Decision will be entered for the respondent.*