WILLIAM HARDY, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

No. 33.

Circuit Court of Appeals, Second Circuit.

Feb. 10, 1936.

J. S. Y. Ivins and Brewster, Ivins & Phillips, all of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and Francis I. Howley, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petitioner is a New York corporation that makes and sells women's wearing apparel and also sells some imported dresses. From the time it was organized and began to do business in 1921 to and including 1925, it filed its returns on the cash receipts and disbursements basis. Until August 1, 1925, it used the single entry system of bookkeeping in its business, but then changed to the double entry system because it was more suitable. In 1926, after its 1925 return had been filed but before it had been audited, it applied to the commissioner for permission to change from the cash receipts and disbursements basis to the accrual basis in filing its return for 1926 and was informed that no permission was necessary because the nature of its business was such that it would be required to use the accrual method. When its 1925 income return was audited, it was notified that its income for that year would have to be reported upon the accrual basis also. It submitted a return accordingly, though protesting that the accrual method should not be required for that year. The commissioner recomputed the tax on the accrual basis, not accepting the petitioner's method of accrual, and the resulting deficiency was redetermined by the Board of Tax Appeals in a yet different manner which was still unsatisfactory to the petitioner.

The first question raised is whether or not the commissioner could insist upon a determination of petitioner's taxable income for 1925 upon the accrual basis. His authority for doing so is found in section 212 (b) of the Revenue Act 1926, 44 Stat. 23, providing that net income shall be computed in accordance with the method of accounting regularly employed by the taxpayer but if there is no such method "or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income." In deciding what method is necessary clearly to reflect a taxpayer's income, the commissioner is given a breadth of discretion which, though not unlimited, will be reviewed here only when abuse of it is clearly shown. See Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725, Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010. That he has in previous years accepted returns upon a basis other than that of the change he requires will not preclude him from insisting upon a method that will clearly reflect the income for the period being audited. Niles Bement Pond Co. v. United States, 281 U.S. 357, 50 S.Ct. 251, 74 L.Ed. 901; Mt. Vernon Trust Co. v. Commissioner, 75 F.(2d) 938 (C.C.A.2). We need not take much time in upholding the commissioner's decision. On August 1, 1925, the petitioner changed its system of bookkeeping to one which readily lends itself to use in the accrual method of income reporting, and in 1926 it requested permission to change to the accrual method. As there is no proof of any change in its manner of doing business between August 1, 1925, and the time it made the request in 1926, it is fair to assume that there was none. With both the petitioner and the commissioner in agreement that in 1926 the accrual method was a proper one and like conditions to be taken for granted to have prevailed in the business for the last half of 1925 at least, the determination of the commissioner that the accrual basis was necessary for 1925 in order clearly to reflect the petitioner's income during that period will not be disturbed.

The second question is whether or not if the accrual basis was properly required the computation made under it was correct. The commissioner made the audit

on the accrual basis by adding to the net income reported by the petitioner on the cash basis the value of the inventory and of the accounts receivable at the end of 1925. The board made changes as below stated in the return which the petitioner had submitted on the accrual basis which was never filed but which the commissioner conceded before the board was correct except for an adjustment for inventory and accounts receivable. This return showed a taxable net income of $66,581.22. It was computed in accordance with correct accrual methods of accounting that would have reflected the income properly had the petitioner previously been reporting its income on the accrual basis. What it failed to do was to make any adjustment in recognition of the fact that a change from cash to accrual was then taking place. The commissioner insisted and the board agreed that to make the transition from cash to accrual it was necessary to add to the taxable net of $66,581.22, so reported by the petitioner, the value of its inventory as of December 31, 1924, and its accounts receivable as of the same date. The decision of the board to that effect was entered and is here for review.

The reason why, so it is said, that opening inventory must be added to the reported net income is that it was given the effect of a deduction from income since under the strict accrual method employed by the petitioner in arriving at the taxable net of $66,581.22 the cost of goods sold during the year was determined in the usual way by adding together the value of the opening inventory, the cost of goods purchased during the year, and the manufacturing cost over that period from which total was subtracted the closing inventory to get the cost of goods sold. That did, indeed, give to the petitioner credit for the opening inventory. This inventory was made up possibly in part of items the cost of which may have been taken as deductions in previous years in which returns were filed on the cash basis; and possibly in part of items which were purchased on credit and not yet paid for; and possibly in part from an original inventory possessed at the start of the business in 1921 though it is unlikely that anything of substantial value was then left from an original inventory assuming that there had been one. The record is silent as to when the opening inventory was acquired and whether for cash in whole or in part.

In putting the petitioner on the accrual basis in 1925, the commissioner, bound to do it in a way that would clearly reflect its income, was not required to adhere strictly to a stereotyped accrual form of accounting. It is obvious that there must be some leeway in making the change from the cash basis in order that the income for the first taxable period under the changed method of reporting will be reflected accurately. To permit the deduction of opening inventory which has already been deducted from income in previous years would allow that to be used twice as a deduction and would result in computing the petitioner's taxable income in an amount that much less than its actual income subject to taxation. To prevent this it was proper to include the opening inventory as the board did. See Appeal of Barbas, 1 B.T.A. 589.

■ The accounts receivable as of December 31, 1924, were correctly included also. They were not taxable on the cash basis, and if strict accrual principles are to prevail beginning with January 1, 1925, they never would be taxable since they represent previous transactions which could not be accrued in 1925 or thereafter nor would payments made upon them after the beginning of 1925 figure in the computation of income, since the cash basis no longer was to be used. Yet to the extent that they were thereafter paid they were in fact the income of the petitioner. There is no provision in the law which permits their escape from taxation if received. On the contrary, section 213 (a) of the Revenue Act 1926, 44 Stat. 23, required that all income received by a taxpayer in any taxable year should be reported in that year unless under permitted methods of accounting it was properly to be accounted for as of a different period. These accounts receivable were therefore correctly added to the net income reported by the petitioner for 1925 as though they had actually accrued in that period. It is quite likely they were not all paid in that year, but the adjustment inherent in the accrual method is effective to make proper allowances for what were uncollectible then or later.

■ There was, however, another adjustment which should have been made clearly to reflect the petitioner's 1925 income

provided it had any accounts payable at the beginning of the year. The record nowhere discloses that it did have any; but if it did their payment in 1925 would not figure in the computation of its income in that year on the strict accrual basis any more than would what it was paid on its accounts receivable existing at the beginning of the year. Yet for payments made upon them, if any, the petitioner would actually be so much out of pocket. As a departure from strict accrual principles is required to put the petitioner on the accrual basis without permitting income to escape from taxation, a corresponding departure is required to allow the petitioner credit for accounts payable so that its actual income may not be overstated. Consequently, upon recomputation of the tax the petitioner should be allowed credit for its accounts payable, if any, as of January 1, 1925.

Reversed and remanded for redetermination of the deficiency in accordance with the foregoing.