**WELP v. UNITED STATES.**
Civ. No. 492.

United States District Court
N. D. Iowa, Central Division.
March 10, 1952.

552

Frank J. Enbusk of Mason City, Iowa, and Joseph D. Lowe, of Algona, Iowa, for plaintiff.

Tobias E. Diamond, U. S. Dist. Atty., Sioux City, Iowa, and Ruppert Bingham, Sp. Asst. to Atty. Gen., for defendant.

GRAVEN, District Judge.

This is an action by the plaintiff for the recovery of federal income taxes and interest claimed to have been erroneously and illegally assessed and collected for the year of 1946. The plaintiff is a resident of the town of Bancroft, Iowa. The plaintiff, in 1923, commenced the operation of a produce station in Bancroft, Iowa. He has continued to operate such produce station up to the present time. From a comparatively small produce business, the business of the plaintiff has grown to one of considerable scope and magnitude. For a number of years he has operated a chicken hatchery, a hennery, a feed mill, and a farm. The farm is operated as a partnership in which the plaintiff has a half interest. In connection with his feed mill operations the plaintiff purchases grain and other feed ingredients, blends them, and sells the mixed feed. In connection with the operation of the hatchery and

hennery, he purchases chickens and eggs, conducts hatching operations, and sells baby chicks, chickens, and eggs. It appears that over the years the production, purchase, and sale of merchandise became an ever-increasing income-producing factor in plaintiff's business operations. The plaintiff, from the start of his business operations, kept his books on a cash receipts and disbursements basis and reported his income for federal income tax purposes on that basis, and had continued to do so until in 1950. He made or kept no inventories. Prior to 1946 the tax returns of the plaintiff were audited on several occasions by internal revenue agents. No complaint was made by them as to the failure of the plaintiff to make use of inventories in reporting his income for federal income tax purposes. On one occasion the matter of inventories was specifically discussed by the plaintiff and one of such agents. Early in 1950 the matter of the plaintiff's reporting his 1946 and 1947 income without the use of inventories was the subject of conferences between the plaintiff and representatives of the Internal Revenue Department. On September 21st, 1950, the Commissioner of Internal Revenue assessed against the plaintiff for his taxable year 1946 a deficiency in income tax in the sum of $46,144.75, plus interest thereon of $9,588.63, or a total of $55,733.38. That deficiency assessment was paid by the plaintiff. The Commissioner also assessed a deficiency against the plaintiff for the year of 1947. That item is not in issue in this case. Prior to the assessing of the deficiency for the year of 1946, an internal revenue agent made an examination of the plaintiff's books and records. He reconstructed a closing inventory for that year in the sum of $44,330. In computing the plaintiff's gross income for 1946, the Commissioner did not make any allowance for a 1946 opening inventory. He did include in such computation the amount of the closing inventory for that year in the amount of $44,330. The plaintiff has reconstructed an opening inventory for the year 1946 based upon his records of purchases and estimates of quantities on hand. His opening inventory for 1946, as recon-

structed by him, was in the sum of $107,-209.95. The plaintiff reconstructed his 1946 closing inventory in a similar manner. That closing inventory as thus reconstructed was in the sum of $116,955.81.

The controversy between the parties is two-fold in nature. The Commissioner, in connection with the deficiency assessed, changed the plaintiff's basis for reporting for federal income tax purposes from a cash basis to an inventory or accrual basis. The plaintiff claims that such change was improper.

Section 41 of the Internal Revenue Code, 26 U.S.C.A. § 41, provides, in part, as follows: "The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income."

Section 29.22(c)–1, of Regulations 111 relating to the income tax, provides, in part, as follows: "In order to reflect the net income correctly, inventories at the beginning and end of each taxable year are necessary in every case in which the production, purchase, or sale of merchandise is an income-producing factor."

Section 29.41–2, of Regulations 111 relating to the income tax, provides, in part, as follows: " * * * in any case in which it is necessary to use an inventory, no method of accounting in regard to purchases and sales will correctly reflect income except an accrual method."

Under the record in the present case there can be no doubt as to the fact that the production, purchase, and sale of merchandise were substantial income-producing factors in the plaintiff's business operations for the taxable year in question. Thus, under Section 29.22(c)–1 of the income tax regulations, quoted supra, the plaintiff should have used inventories in

554

order correctly to compute his income, and Section 29.41–2 of the regulations makes it clear that he should have been using the accrual method of accounting. Since, under the regulations, the plaintiff's cash receipts and disbursements method of accounting did not clearly reflect his income, the Commissioner was authorized, under Section 41 of the Internal Revenue Code, to compute the plaintiff's 1946 income in accord with such method of accounting as in the opinion of the Commissioner did clearly reflect the income.

 The fact that the Commissioner accepted the plaintiff's returns on the cash basis in prior years is immaterial, and does not preclude the Commissioner from making the adjustment away from such improper accounting method in the taxable year. See Niles Bement Pond Co. v. United States, 1930, 281 U.S. 357, 362, 50 S. Ct. 251, 74 L.Ed. 901; Mt. Vernon Trust Co. v. Commissioner, 2 Cir., 1935, 75 F.2d 938, 940; William Hardy, Inc., v. Commissioner, 2 Cir., 1936, 82 F.2d 249, 250; Carver v. Commissioner, 1948, 10 T.C. 171. Likewise, statements claimed by the plaintiff to have been made by Internal Revenue Agents, to the effect that the plaintiff was properly on the cash basis in prior years, are of no significance in this action, and would not excuse the plaintiff's failure to report his income on a proper basis. United States v. La Societe Francaise, 9 Cir., 1945, 152 F.2d 243, 246; Ritter v. United States, 3 Cir., 1928, 28 F.2d 265, 267; but cf., Vestal v. Commissioner, 1945, 80 U.S. App.D.C. 264, 152 F.2d 132.

It should be noted that the government makes no claim of fraud or bad faith on the part of the plaintiff in making his income tax returns on the incorrect basis.

The second point in controversy is the matter of the Commissioner's not making allowance for the opening 1946 inventory of the plaintiff in computing his 1946 taxable income upon an accrual basis. The greater portion of the items appearing in the plaintiff's claimed opening inventory had been deducted from his gross receipts in computing his 1945 taxable income. It appears that any items of the opening 1946 inventory which had not been deducted from the plaintiff's gross receipts in computing his taxable income for 1945 had been deducted from his gross receipts in computing his taxable income for prior years. The defendant claims that to allow the plaintiff the benefit of his 1946 opening inventory would result in a gross distortion of the plaintiff's income for that year, in that it would be allowing him as deductions for that year items which had already been deducted by him in computing his taxable income for 1945 and prior years. The plaintiff, on the other hand, contends that the items comprising his 1946 opening inventory could not represent 1946 income, and that the effect of disallowing such inventory is to "scoop up" and subject to taxation as 1946 income items which constituted income in 1945 and prior years. It appears beyond dispute that the plaintiff realized income in 1945 or in previous years on which he did not pay taxes, because such income was invested in inventory items whose costs were deducted from gross receipts for such years. The plaintiff asserts, however, that it would be improper and unfair to allow the Commissioner to tax the accumulation of such previously untaxed income as 1946 income, because of the progressive nature of the income tax structure. To this the defendant replies that the plaintiff should not now be heard to complain of such alleged hardship, since the plaintiff's tax difficulties were brought about by his own failure to report his income according to a proper accounting basis during the years prior to 1946. The defendant also points out that if such income is not taxed as 1946 income, the plaintiff, as a result of his erroneous accounting and reporting, will have been allowed to escape taxation on such income, and that his failure to comply with the law should not be so rewarded.

It was stipulated and agreed between the parties hereto that if the Court determines that the plaintiff's estimated 1946 beginning inventory should be used in computing the plaintiff's taxable income for the year 1946 then a 1946 ending inventory of $116,955.81, computed in the same manner as such beginning inventory, should be substituted

for the 1946 ending inventory of $44,330, which was originally employed by the Commissioner of Internal Revenue in calculating the plaintiff's income tax deficiency for the year 1946. It was further stipulated that if beginning and ending inventories for the year 1946 are considered in calculating the plaintiff's 1946 taxable income, then the livestock items should be deleted from each of such inventories. Such adjustment would result in a beginning 1946 inventory of $102,859.95, and an ending 1946 inventory of $101,026.96.

In determining the method of accounting which will clearly reflect the taxpayer's income, and in making such adjusted computation, the Commissioner has broad discretion, and the burden is on the taxpayer to prove that a computation in accord with a different method of accounting from the one employed by the Commissioner more correctly reflects the income. See, e. g., Lucas v. American Code Co., 1930, 280 U.S. 445, 449, 50 S.Ct. 202, 74 L.Ed. 538; Southern Abstract & Loan Co. v. Commissioner, 6 Cir., 1934, 72 F.2d 130, 132; William Hardy, Inc., v. Commissioner, supra; In re Newman, 6 Cir., 1938, 94 F.2d 108, 111; Schram v. United States, 6 Cir., 1941, 118 F.2d 541, 544-545. However, the presumption in favor of the correctness of the Commissioner's determination does not amount to substantive evidence in the case. See Gillette's Estate v. Commissioner, 9 Cir., 1950, 182 F.2d 1010, 1013, and cases cited therein. Thus, in the present case, the burden is on the plaintiff to establish that the Commissioner erred in failing to consider the plaintiff's 1946 opening inventory in computing the plaintiff's 1946 income, and that the method suggested by the plaintiff, of using both opening and closing inventories, computed in a consistent manner, more correctly reflects the plaintiff's 1946 income.

The law as to the status of opening inventories or analogous items where there is a change from a cash to an accrual basis of reporting income is lacking in clarity and the decisions are lacking in harmony. The lack of harmony is greater than is indicated by the language used in a number of the pertinent decisions. In a number of cases the stated holdings are distinguished from the holdings in other cases by distinctions not based on material differences in facts. In some cases the stated holdings are sought to be distinguished from the holdings in other cases by ascribing non-existent features to such other cases.

Decisions having to do with the situation just referred to will next be considered. In Appeal of John G. Barbas, 1925, 1 B.T.A. 589, a taxpayer kept his books and reported his income on the cash basis through the year 1920. In the year 1921 he changed over to the accrual basis of accounting and reporting. In so doing, the taxpayer took his opening 1921 inventory into account in determining his 1921 income. The Commissioner of Internal Revenue added the value of the taxpayer's opening inventory to his reported income for the year. This had the effect of eliminating the opening inventory from consideration, as the Commissioner did in assessing the deficiency in the present case, since the taxpayer subtracted the opening inventory and the Commissioner added it. The Board of Tax Appeals upheld the Commissioner in so doing. The Board reasoned that, in the absence of a showing by the taxpayer that the merchandise in such opening inventory had been bought on credit and did not represent deductions taken on the cash basis in the previous taxable year, or in the absence of a showing that the taxpayer had an equivalent inventory on hand on March 1st, 1913, when federal income tax collections began, the Commissioner was justified in disallowing such opening inventory, since to allow it in the year in which the taxpayer changed his accounting system would allow income to escape taxation. A similar result was reached in a case involving the tax liability of the partner of the taxpayer in the John G. Barbas case. See, Appeal of Thomas C. Barbas, 1925, 1 B.T.A. 611, upheld in a subsequent suit to recover the deficiency assessed, Barbas v. Woodworth, D.C.Mich.1939, 24 A.F.T.R. 1159.

In Alameda Steam Laundry Ass'n v. Commissioner, 1926, 4 B.T.A. 1080, a taxpayer had kept his books and reported his

income on the cash basis up through 1920. In 1921 he changed over to the accrual method of accounting and reporting. In reporting his 1921 income on the accrual basis he included in his opening inventory some items whose cost he had deducted from income as expenses in his 1920 income tax report, which was filed on the cash basis. The Board of Tax Appeals, on the authority of the John G. Barbas case, supra, upheld the Commissioner in disallowing such opening inventory.

In William Hardy, Inc., v. Commissioner, 2 Cir., 1936, 82 F.2d 249, a taxpayer which had kept its books and reported its income on the cash basis up through the year 1925 requested the Commissioner to allow it to change over to the accrual basis of accounting and reporting for 1926 and subsequent years. The Commissioner granted the taxpayer's request, but in addition, he ordered the taxpayer to file an amended 1925 return on the accrual basis. The Commissioner added the 1925 beginning inventory to the taxpayer's 1925 income, thus nullifying the effect of the taxpayer's consideration of such inventory in his report. The Commissioner also added the taxpayer's 1925 beginning accounts receivable to its 1925 taxable income. The United States Court of Appeals for the Second Circuit, in upholding the Commissioner's action, stated, 82 F.2d at page 251: "In putting the petitioner on the accrual basis in 1925, the commissioner, bound to do it in a way that would clearly reflect its income, was not required to adhere strictly to a stereotyped accrual form of accounting. It is obvious that there must be some leeway in making the change from the cash basis in order that the income for the first taxable period under the changed method of reporting will be reflected accurately. To permit the deduction of opening inventory which has already been deducted from income in previous years would allow that to be used twice as a deduction and would result in computing the petitioner's taxable income in an amount that much less than its actual income subject to taxation. To prevent this it was proper to include the opening inventory as the board did. See Appeal of Barbas, 1 B.T.A. 589."

In Schuman Carriage Co. v. Commissioner, 1941, 43 B.T.A. 880, a taxpayer for years had kept its books and reported its income on the accrual basis, with the exception of its interest income, as to which it kept its books and reported on the cash basis. The Commissioner determined that the taxpayer's interest income should be reported on the accrual basis for the taxable year 1934 and subsequent years. In making the adjustment, the Commissioner added to the taxpayer's income for 1934 both the beginning and the ending accrued interest income, and was upheld by the Board of Tax Appeals in so doing.

In Rudolph C. Planeta v. Commissioner (1944) (P–H) T.C.Memo.Dec. Par. 44,164, the taxpayer changed from cash to accrual accounting in 1936, but continued to report his income on the cash basis through 1939. The Commissioner computed the taxpayer's income according to the accrual basis in 1939, adding his 1939 opening inventory and accounts receivable (less accrued payables) to the taxpayer's income for that year. The taxpayer contested the Commissioner's treatment of the opening inventory and receivables on a stipulation stipulating the above facts. The Tax Court held that the taxpayer had not sustained the burden of proving that the method of computation employed by the Commissioner was erroneous. None of the earlier cases on the subject were cited or discussed.

In Greene Motor Co. v. Commissioner of Internal Revenue, 1945, 5 T.C. 314, the taxpayer kept its books and reported its income on the accrual basis. The taxpayer, by deducting certain unwarranted reserve accounts, took some admittedly improper deductions in its income return for the taxable year 1938. The Commissioner sought to add such reserves to the taxpayer's 1939 income. The Tax Court held that the Commissioner had no power to do so, since the Commissioner cannot correct his error in failing to tax certain income in one taxable year by overstating a taxpayer's taxable income for a subsequent year.

In Carver v. Commissioner, 1948, 10 T.C. 171, the taxpayer, a printer, had changed his method of accounting from the cash

method to the accrual method in 1925. In connection with his accrual accounting he kept inventories of paper on hand and of work in process. However, the taxpayer continued to report his income on a cash basis through 1941, with the exception that he used inventories of paper in determining his income. The Commissioner ordered the taxpayer to report his 1941 income on the accrual basis, but the Commissioner added the taxpayer's beginning accounts receivable, work in process inventory and prepaid insurance to the taxpayer's 1941 income, deducting beginning accounts payable and accrued taxes and insurance premiums. The Tax Court held that the Commissioner's action was proper, and the United States Court of Appeals for the Sixth Circuit, 1949, 173 F.2d 29, affirmed the decision of the Tax Court, stating, per curiam, that the Tax Court had properly applied the doctrine "well-stated" in the William Hardy case, supra.

In Estate of Samuel Mnookin, 1949, 12 T.C. 744, the taxpayer, a storekeeper, kept his books on the accrual basis and reported his income on the accrual basis, with the exception of credit sales, which he reported on the cash basis. The Commissioner determined that the taxpayer's accounts receivable from credit sales should also be reported on the accrual basis, and added both the taxpayer's 1942 beginning and ending accounts receivable to the taxpayer's 1942 income. The Tax Court held that the taxpayer's beginning accounts receivable should not have been added to his income, stating that the case was governed by the Greene Motor Co. case, supra. The Hardy, Schuman, and Carver cases, supra, were distinguished on the ground that they involved changes in accounting rather than just changes in the taxpayer's method of reporting income, and that the taxpayer's method of accounting in the case before the Court clearly reflected his income. The United States Court of Appeals for the Eighth Circuit unanimously affirmed the decision of the Tax Court. Commissioner of Internal Revenue v. Mnookin's Estate, 8 Cir., 1950, 184 F.2d 89.

In Omah MacDonald v. Commissioner (1949) (P-H) T.C.Memo.Dec.Par. 49,053,

the taxpayer kept his books and reported his income on the cash basis, but also kept inventories. The Commissioner determined that the taxpayer's report should be made in accordance with the accrual method of accounting, and assessed a deficiency accordingly. The Commissioner eliminated the opening inventory for the year of the changeover from consideration, and the taxpayer protested such elimination. The Tax Court stated: "Petitioner contends that the respondent's failure to consider the inventory, the outstanding balance of unpaid installments and unpaid invoices as of January 1, 1942, results in a distortion of Badcock's net income for 1942. The respondent does not dispute this. Since it appears obvious that such is the result, effect will therefore be given to such balances in the computation to be made under Rule 50."

None of the earlier cases on the point were cited. See also, MacDonald v. Commissioner, 1951, 17 T.C. 210.

In the case of Koby v. Commissioner, 1950, 14 T.C. 1103, the taxpayer, a retailer of drug and photographic supplies, had always kept his books on the cash basis, without taking inventories. He filed his income tax returns on the cash basis, and did so for the year 1942. He later filed an amended return for the year 1942, computed on the accrual basis, and requested a tax refund. The Commissioner agreed that the taxpayer should be on the accrual basis, but adjusted the taxpayer's amended return, computed on the accrual basis, by adding to the income reported on the amended return the taxpayer's opening inventory (thus in effect eliminating it from consideration, since the taxpayer had subtracted it), and by adding the opening accounts receivable, less opening accounts payable. The Tax Court held that the adjustments made by the Commissioner were proper. The Court distinguished the Mnookin case by saying that the Mnookin case did not involve a change in the method of reporting income. Such distinction would seem to be based on an erroneous reading of the Mnookin case, since the taxpayer in that case was compelled to stop reporting his accounts receivable on the cash basis

and to commence reporting them on the same basis that his books were kept—the accrual basis. The cases do differ in that the Mnookin case involved only a change in the method of reporting income by a taxpayer whose method of accounting clearly reflected his income, while the Koby case involved changes away from an incorrect method both in the matter of reporting income and in keeping the taxpayer's books.

In the case of Michael Lovallo v. Commissioner (1950) (P-H) T.C.Memo.Dec. Par. 50,184, the taxpayer, who ran a restaurant and tavern, had always kept his books and reported his income on the cash basis, and had not kept inventories. The Commissioner was upheld by the Tax Court in computing the taxpayer's 1946 income on the accrual basis with the opening inventory eliminated. The Court stated: "We think the respondent was fully justified in eliminating the opening inventory for 1946, inasmuch as the amount represented by that inventory had apparently already been deducted in computing gain on sales made in 1945. It cannot again be deducted in connection with the computation of gain from 1946 sales."

In the case of Frame v. Commissioner, 1951, 16 T.C. 600, the Tax Court, following the Mnookin case, held that it was improper for the Commissioner to add accounts receivable to taxable income reported for the year in which a taxpayer who had always kept books on the accrual basis was compelled to commence reporting his income on the accrual basis instead of the cash basis. The dissenting opinion argues that the case is more like the Carver case than the Mnookin case, and that the result reached by the majority allows some income to escape taxation. The Commissioner filed an appeal to the Court of Appeals for the Third Circuit in the Frame case on August 20th, 1951, but as yet there has been no decision on the appeal.[1]

In the case of Marion Richard Schuyler and Harriette Mason Schuyler v. Commissioner (May 11th, 1951) (P-H) T.C.Memo. Dec., p. 51–399, the taxpayers' business involved the purchase and sale of merchandise. They had kept inventories since 1943, but had reported their income on the cash basis up through 1947. The Commissioner computed the taxpayers' 1947 income on an inventory basis, but eliminated the 1947 opening inventory from consideration. The Tax Court held it improper for the Commissioner to do so and that the taxpayers were entitled to have their opening inventory for 1947 taken into consideration in determining their 1947 income. The Court, citing the Mnookin and Frame cases, stated: "Whether the books of the taxpayer properly reflect income is the distinguishing factor in cases such as this."

In another case decided the same day the Tax Court, following the Mnookin and Frame cases, held that the Commissioner was in error in adding the beginning accounts receivable to the taxpayers' income for the year in which the taxpayers, whose books were kept by the accrual method, were compelled to commence reporting credit sales on the accrual basis instead of on the cash basis as had formerly been their practice. George H. Cohn & Camille Cohn v. Commissioner (May 11th, 1951) (P-H) T.C.Memo.Dec.Par. 51,134. The Commissioner filed an appeal to the United States Court of Appeals for the Second Circuit in the Schuyler case on September 10th, 1951, and in the Cohn case on September 20th, 1951, but as yet the appeals have not been decided.

On June 14th, 1951, the Tax Court decided the case of Daniel Montgomery v. Commissioner, (P-H) T.C.Memo.Dec.Par. 51,176. In that case the taxpayer, who bought and sold merchandise in connection with his tavern and hotel business, had always kept his books and reported his income on the cash basis, without taking inventories. The Tax Court held that the Commissioner was correct in computing the taxpayer's income on the accrual basis for the year 1945 without considering the taxpayer's 1945 opening inventory. The Court stated: "Whether the books of the taxpayer correctly reflect the income has been held to be the distinguishing factor in determining

1. Affirmed March 11, 1952, 195 F.2d 166.

whether opening inventory may be considered in computing gross income. See Commissioner v. Mnookin's Estate, 184 F.2d 89 (C.A. 8, 1950) affirming 12 T.C. 744; Robert G. Frame [v. Commissioner], 16 T.C. 600, promulgated March 8, 1951. Petitioner has always kept his books on a cash basis. It has been agreed that the accrual basis was necessary to clearly reflect his income. His books, therefore, as kept, did not clearly reflect his income and the respondent did not err in failing to take into consideration opening inventory of 1945 in determining gross income. Z. W. Koby [v. Commissioner], 14 T.C. 1103 (1950)."

In the case of Joseph S. Caldwell v. Commissioner (June 29th, 1951) (P-H) T.C.Memo.Dec.Par. 51,199, the taxpayer apparently kept his books on the accrual basis but reported the income from credit sales on the cash basis. The Court, following the Mnookin and Frame cases, held that the Commissioner did not abuse his discretion in requiring the taxpayer to commence reporting his income on the accrual basis, but that the Commissioner erred in adding the taxpayer's beginning accounts receivable to the taxable income for the year in which the change in method of reporting was made. The Court stated: "The distinguishing factor in such cases has been held to be whether the books of the taxpayer properly reflect the income."

The Tax Court applied the same test in deciding the case of Cornelius J. Dwyer v. Commissioner (June 29th, 1951) (P-H) T.C.Memo.Dec.Par. 51,206. In that case the taxpayer kept his books and reported his income on the cash basis up through the year 1946, but had taken inventories for "a number of years." The Commissioner was upheld in changing the taxpayer over to the accrual method of reporting for the year 1946, but the Tax Court held that the 1946 opening inventory should be considered. The Court stated: "Both petitioner and respondent characterized petitioner's method of keeping his books as a cash method. However, under petitioner's method of doing business he has no accounts payable or receivable, and the only change necessary is the use of inventories. Petitioner has taken inventories for a number

of years which were recorded and available. Since this is the only change respondent has required, we hold that petitioner's books do clearly reflect his income. Therefore, respondent erred in failing to take the opening inventory into consideration in computing petitioner's income for 1946."

An appeal in the Dwyer case was docketed in the United States Court of Appeals for the Second Circuit on January 29th, 1952.

In the case of Heer-Andres Investment Co. v. Commissioner, 1951, 17 T.C. 786, the taxpayer kept its books and reported its income on the accrual basis. The taxpayer received rental income from the lessee of a building, part of which was a percentage of the lessee's sales during the taxpayer's fiscal year, payable the month following the end of such fiscal year. For the taxpayer's taxable year 1946 the Commissioner determined that such percentage rental should be payable in the fiscal year in which it accrued—in 1946—rather than in the year in which it was paid—1947. The Tax Court upheld the Commissioner in making the change, but held that if such change were made then the Commissioner would have to eliminate the percentage rent paid at the beginning of the taxpayer's 1946 fiscal year, since that had accrued in 1945. The Tax Court cited the Mnookin and Frame cases in support of its result. The Court noted that the Commissioner relied on the Schuman case, supra, but said: "The Schuman case does indeed furnish support for the respondent's position. However, more recent decisions appear to require a contrary result." (Citing the Frame and Mnookin cases.)

For a discussion of the problems involved, see Jones, Evils of Hybrid Accounting, 92 Journal of Accountancy 206–208 (August 1951).

In some of the cases noted the Commissioner was allowed to add the opening accrued receivables to the taxpayer's income or to disregard opening inventories in computing the taxpayer's income for the year of the changeover, while in other cases he was not allowed to do so. The results in most of the foregoing cases can be explained on the basis of the distinction artic-

ulated in the more recent cases on the subject, to wit, *whether the books of the taxpayer properly reflect his income*. See the Schuyler, Cohn, Montgomery, Caldwell, and Dwyer cases, supra, all of which turn on this distinction.

It is apparent that all of the taxpayers in the foregoing cases should have been on the accrual basis of accounting and reporting for some time prior to the year in which they commenced reporting on the accrual basis. Thus, the books of those who had been keeping their books on the accrual basis (or who had records to which such method of accounting could have been applied) did correctly reflect their incomes. Under the above distinction such taxpayers were allowed to escape taxation of their opening accrued receivables and were allowed to have their opening inventories considered in determining their income for the year of the changeover. See the Mnookin, Frame, Schuyler, Cohn, Caldwell, and Dwyer cases, supra. The only cases which seem inconsistent with this rule are the Carver and Planeta cases, supra, where the taxpayers' accounting methods had been correct, that is had been the accrual method, for 16 and 3 years respectively prior to the year of the changeover to accrual reporting. It has been stated that the Schuman case, supra, is irreconcilable with the Mnookin case. See Rabkin and Johnson, Federal Income, Gift and Estate Taxation § 12.02(3). Those cases are perhaps distinguishable on the basis of the accounting systems used, but do seem to be opposed in spirit.

■ Under the above distinction, those taxpayers whose books were deemed not to have correctly reflected the taxpayers' incomes, because the books were kept on the cash basis, had their opening accrued receivables (less accrued payables) taxed as income, and were not allowed to have their opening inventories considered in computing their taxable incomes for the year of the changeover. See the Barbas, Alameda Steam Laundry, William Hardy, Schuman, Planeta, Koby, Lovallo, and Montgomery cases, supra. The lone exception to this rule is the MacDonald case, supra, where a taxpayer who had kept his books on the cash basis was held entitled to have his opening inventory for the year of the changeover taken into consideration. Thus, where there is only a change in the method of reporting income and not in the taxpayer's method of accounting, the taxpayer generally prevails. But where a change from the cash to the accrual basis is made both in the matter of reporting and in the matter of accounting, the government generally prevails. Strictly speaking, the Commissioner has no statutory authority to order a change in method of accounting, but merely to compute the income as if a change to a proper method of accounting had been made. For purposes of discussion, however, such action is often spoken of as requiring a change in method of accounting.

The plaintiff contends that, under the above noted cases, the taxpayer is not entitled to have his opening inventory considered if he has requested the changeover from cash to accrual basis reporting, but that such rule does not apply where the Commissioner compels the taxpayer to make the change. The courts do not appear to have relied on such suggested distinction, and it should be noted that in the Planeta and Montgomery cases, and as to the year in question in the litigation in the Hardy case, the changes to accrual reporting were compelled by the Commissioner, as was the case in the Schuman case, which involved accrued receivables. The government prevailed in those cases.

■ The federal income tax system is based upon a theory of self-assessment. It is a basic principle of that system that a taxpayer is under a duty to correctly report his taxable income and to pay the proper amount of taxes due thereon. It is not in accord with the policy of that system that a taxpayer shall escape the payment of federal income taxes justly due and owing by him. In a number of the cases noted the matter as to whether a taxpayer changing or being changed over from a cash method of reporting to the accrual method is to have or not have for the year of the changeover the benefit of his opening inventory or is to have or not have his opening accrued receivables added to his income is, as heretofore noted, made to turn on whether his

books and records correctly reflect his income. Under the theory of those cases a taxpayer who kept records showing what his income was on an accrual basis, but who nevertheless reported on a cash basis, is permitted to escape substantial taxes, while another taxpayer similarly situated who did not keep such records would not escape such taxes. Under that theory a taxpayer who set out deliberately to escape taxes could, by keeping books and records showing just how much of his income was escaping taxation, escape the payment of taxes on the same, while another taxpayer similarly situated who in good faith understated his income and failed to keep such records would not escape such payment. A taxpayer who keeps his books on an accrual basis but who nevertheless reports his income on a cash basis when he should be reporting on an accrual basis is no more in compliance with the law than is the taxpayer similarly situated who keeps his books and reports on a cash basis. Income which is not reported is not taxed regardless of whether the taxpayer has kept books which clearly reflect his income. The fact that a taxpayer has kept correct accrual books for a number of years prior to a change-over to accrual basis reporting does not make his cash basis income tax returns any less erroneous. Judge Opper, dissenting in the Frame case, supra, stated, with reference to the distinction relied on by the majority in that case: "By some mysterious process the action which in our self-assessing tax system is paramount, namely, that of reporting income, appears to have become subordinated to the purely ancillary and mechanical operation of keeping records."

It is the duty of a taxpayer to keep correct books and records. United States v. Hornstein, 7 Cir., 1949, 176 F.2d 217, 220. However, taxation is based upon facts, not on bookkeeping entries. Haugh & Keenan Storage & Transfer Co. v. Heiner, D.C.Pa. 1927, 20 F.2d 921, 923. In Northwestern States Portland Cement Co. v. Huston, 8 Cir., 1942, 126 F.2d 196, 199, the Court states: "Bookkeeping entries do not produce either income or losses for the purposes of taxation. They are intended to record facts, and are evidential, but they do not create or destroy facts."

The matter of the allowance of an opening inventory in the computation of income taxes for the year in which a change-over is made from a cash basis to an accrual basis of reporting would seem to involve the consideration of a number of principles or rules in the field of federal income taxation. One of the principles heretofore noted is that a taxpayer should not be permitted to escape the payment of taxes justly due and owing by him. Another rule heretofore noted is that it is the duty of a taxpayer to keep proper records and report his income on its proper basis. A well established principle of federal income taxation is that the federal income tax system operates on an annual basis.

As heretofore noted, Section 41 of the Internal Revenue Code provides, in part, that: "The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) * * *."

Section 42 of the Internal Revenue Code, 26 U.S.C.A. § 42, provides, in part, that: "The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period."

Under the federal income tax laws a cash basis taxpayer must report all income actually or constructively received by him in any given year, and the accrual basis taxpayer must report all income earned in any given year. The corollary of this rule is that income should be reported and tax paid on it for the year in which it is received or earned, and that a taxpayer should not, in a particular year, be taxed on income received or earned during a previous year or years. See Northwestern States Portland Cement Co. v. Huston, 8 Cir., 1942, 126 F.2d 196; Helvering v. Williams, 8 Cir., 1938, 97 F.2d 810. See generally on the annual nature of the federal income tax system, Keebey's Inc., v. Paschal, 8 Cir., 1951, 188 F.2d 113, 115;

Craig v. Thompson, 8 Cir., 1949, 177 F.2d 457; Clifton Mfg. Co. v. Commissioner, 4 Cir., 1943, 137 F.2d 290, 150 A.L.R. 749; 35 Minn.Law Review 680 (1951). In Vol. 37, Journal of the American Bar Association, p. 409 (June 1951), it is stated that the federal income tax system uses an "arbitrary twelve-month cubicle." In 56 Case and Comment, p. 59 (Jan.-Feb.1951), it is stated that in the federal income tax system "each year is an island unto itself."

█ In most of the decisions having to do with the question here involved or having to do with related questions particular emphasis is placed upon a certain relevant principle or rule, and the other relevant principles or rules are either not referred to or are given little consideration. This has made for difficulty in reconciling the decisions and has left the law in this field in a blurred and confused condition. So far as this Court is concerned the determinative law is that laid down or indicated by the United States Court of Appeals for this Circuit. In the Mnookin case, heretofore referred to, and upon which both parties rely, it was held that where a taxpayer reported on a cash basis but kept his books on an accrual basis which clearly reflected his income, the Commissioner could not, on a changeover to an accrual basis of reporting, add to his income for the year of the changeover accrued bills receivable. The case which is most closely factually related to the present case is the case of William Hardy, Inc., v. Commissioner, supra. In the present case the taxpayer did not keep books on an accrual basis and his books did not clearly reflect his income. In the Hardy case the situation was similar. The United States Court of Appeals for the Second Circuit held, in the Hardy case, that the Commissioner properly refused to allow the taxpayer to deduct, for the year of the changeover, opening inventory which had already been deducted for previous years. The United States Court of Appeals for this Circuit in its opinion in the Mnookin case referred to the Hardy case and stated that it was distinguishable in that in the Mnookin case the taxpayer's books were at all times kept on a proper basis and that no change in the taxpayer's method of accounting ever occurred or was required. It would seem that the United States Court of Appeals for this Circuit does not regard its holding in the Mnookin case as being out of harmony with the doctrine or rule of the Hardy case. It might be noted that in the Mnookin case the Commissioner attempted to add onto the taxpayer's income for the year of the changeover accrued bills receivable representing income for previous years, while in the present case the Commissioner denied the taxpayer the right to deduct from his income for the year of the changeover items which had already been deducted for previous years. It would seem, however, that the net result would be the same in both cases.

It should be noted that the United States Court of Appeals for the Eighth Circuit, while accepting the distinction made by the Tax Court as to the Hardy case, also rested its decision in the Mnookin case upon the theory that there shall not be taxed as income for a given year the income of a prior year, particularly where such prior year is barred by the statute of limitations. Thus the holding in the Mnookin case might be considered as inconsistent with the holding in the Hardy case in this respect.

█ However, in view of the fact that the situation in the present case is similar to that in the Hardy case, and because the United States Court of Appeals for this Circuit has obliquely, at least, indicated concurrence in the holding in the Hardy case, this Court is of the view that it should follow the holding of the Hardy case, until the United States Court of Appeals for this Circuit has definitely and directly indicated its non-concurrence in that holding. Under the doctrine of the Hardy case the defendant must prevail herein.

It is the holding of the Court that the plaintiff has not sustained the burden of proving that the Commissioner, in computing the taxable income of the taxpayer for the year 1946, erred in failing to consider the taxpayer's opening inventory for that year. It is hereby ordered that judgment be entered in favor of the defendant.